IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


RONNIE DEON FOOTS                                                           PLAINTIFF

v.                                      Civil No. 4:14-cv-04071

SHERIFF VICTOR C. ROSE;
LT. THEARTICE; LAFAYETTE COUNTY
JAIL; CHIEF TUMBERLIN; OFFICER COX;
DOCTOR ANTUEN; and CITY OF LEWISVILLE                    DEFENDANTS


## ORDER

This is a civil rights action filed by the Plaintiff, Ronnie Deon Foots, pursuant to 42
U.S.C. § 1983.  Currently before the Court is Defendants' Motion to Dismiss (ECF No. 42) for
Plaintiff's failure to comply with the Court's orders.  After thorough consideration, the Court
issues this Order.

## BACKGROUND

Plaintiff originally filed this case *pro se* on May 6, 2014.  ECF No. 1.  In his Complaint,
Plaintiff claims his constitutional rights were violated when Defendants failed to accommodate
Plaintiff's disability and denied him adequate medical care.  ECF No. 1.  Plaintiff was housed in
the Arkansas Department of Correction – Williams Unit when he filed this Complaint.
Plaintiff's address of record indicates he is no longer incarcerated and is residing in Lewisville,
Arkansas.

On April 22, 2015, the Honorable Magistrate Judge Barry A. Bryant directed Plaintiff to
submit an accurate address for service on Defendant Dr. Antuen by May 11, 2015.  ECF No. 22.
Plaintiff failed to respond to this Order.  On November 20, 2015, Judge Bryant entered an Order
to Show Cause giving Plaintiff until December 10, 2015, to explain why he failed to respond to

the Court's April 22, 2015 Order.  ECF No. 38.  Plaintiff was directed again to produce an address for service on Dr. Antuen and was advised that failure to respond may result in the dismissal of this case.  ECF No. 38.  To date, Plaintiff has failed to respond to this Order.

Defendants City of Lewisville and Chief Jason Tomlin filed a Motion to Compel on August 28, 2015.  ECF No. 33.  In the Motion, Defendants indicated they initially sent Plaintiff discovery requests on July 8, 2015, at his address of record in Lewisville.  Defendants did not receive a response.  On August 12, 2015, Defendants sent a second request to Plaintiff at his Lewisville address along with a letter explaining that they would file a Motion to Compel if they did not receive a response to the discovery requests by August 19, 2015.  Plaintiff failed to respond.  Neither of the mailings sent to Plaintiff were returned as undeliverable mail.

On November 24, 2015, Judge Bryant entered an Order granting Defendants Motion to Compel and directing Plaintiff to provide Defendants with the required responses to the discovery requests by 5:00 p.m. on Tuesday, December 15, 2015.  ECF No. 41.  The Order advised Defendants that they may file a motion to dismiss if Plaintiff failed to respond by this deadline.  Plaintiff was advised again that failure to comply may result in dismissal of his case. To date, Plaintiff has not complied with the Order directing him to provide discovery responses to Defendants.

Since September 18, 2015, the only communication the Court has received from Plaintiff was on February 10, 2016, when he notified the Court of his new address in Lewisville and on February 25, 2016, when he provided the Court with his phone number.  ECF Nos. 45, 46.

## APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff has not provided the Court with an address for service for one of the defendants and he has failed to respond to Defendant's discovery requests despite this Court's Orders to do so.  Plaintiff has failed to comply with three of the Court's Orders (ECF Nos. 22, 38, and 41). Accordingly, Plaintiff's Complaint should be dismissed without prejudice.  *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

Because Plaintiff has failed to comply with the Court's Orders, the Court finds that Defendants' Motion to Dismiss (ECF No. 42) should be and hereby is **GRANTED**.   Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41 (b).

**IT IS SO ORDERED,** this 5th day of April, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge